# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| EDWARD DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause Number: 2:13-cv-227-PPS |
| | ) | |
| GREEN TREE SERVICING, LLC, | ) | |
| | ) | |
| Defendants, | ) | |

## OPINION AND ORDER

This is a case brought by Edward Dixon under the Fair Credit Reporting Act and is before me on a motion for summary judgment. The facts are straight-forward. Dixon bought a house back in 2001, and in 2005 he filed for Chapter 7 bankruptcy. His mortgage was included in the discharged debts. But to stave off repossession of his home, Dixon continued to make payments to the mortgage company. Although he continued to make the mortgage payment, Dixon did not "reaffirm" the mortgage debt under 11 U.S.C. §524(c). Under the bankruptcy code, "reaffirmation" is a process that allows the debtor in bankruptcy to keep his property in exchange for making regular monthly payments on the loan going forward. In essence, it allows the debtor to avoid foreclosure. If the debtor chooses this option, the debt is essentially omitted from the discharge of debts that the debtor normally receives in a Chapter 7 bankruptcy. *See Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 912-13 (7th Cir. 2001). Dixon's decision to not reaffirm the mortgage debt is important because it puts the present dispute into some context.

The defendant Green Tree Servicing LLC, is a company that services mortgages.

It began servicing Dixon's mortgage in 2013. The parties seem to agree that Dixon continued to timely pay his mortgage from 2006, the date of his discharge from bankruptcy, to 2013 when the present dispute arose.

Some time in 2013, Dixon had difficulty getting favorable interest rates on some loans. This prompted him to obtain his credit report which showed that his account with Green Tree was "Discharged through Bankruptcy Chapter 7 / Never late" with a "$0" balance and a last date of payment of May 2006. But as noted above, it is undisputed that Dixon continued making his mortgage payments beyond 2006 and was still making those payments in 2013. The report therefore failed to indicate that Dixon had continued to make his payments from 2006 through 2013.

Dixon filed this suit against Green Tree claiming that Green Tree's reporting is inaccurate, misleading, and/or incomplete under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681s-2(b). He further claims this violation is willful under Section 1681(n) of the FCRA. Green Tree has moved for summary judgment on two grounds. First, Green Tree argues that Dixon has no actual damages and without actual damages he cannot prove a willful violation of the statute. Second, Green Tree argues that even if Dixon can pursue his claim for a willful violation of the FCRA, there is no evidence to support it. (DE 68-69.)

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute about a material fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving

party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, I must construe all facts and draw all reasonable inferences from the record in the light most favorable to the nonmoving party. *Id.* at 255. Failure to prove an essential element of a plaintiff's case necessitates summary judgment in favor of the defendant because "[i]n such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Dixon claims that Green Tree violated the duties the FCRA imposes on furnishers of credit information under Section 1681s-2(b). Furnishers are those entities that provide information about a consumer's account to a consumer reporting agency. When a consumer disputes the accuracy of information on his or her credit report, Section 1681s-2(b) requires furnishers to investigate the completeness and accuracy of the information disputed and then to take certain actions to correct any inaccurate or incomplete information. 15 U.S.C. 1681s-2(b).

Dixon has all but conceded that he has no actual damages from the alleged violation of this section, and instead requests the statutory damages available under 15 U.S.C. § 1681(n). (*See* DE 78 at 2-3). I say this because Dixon represents in his briefing that willfulness is "the focus of this case" and therefore whether he has actual damages doesn't matter. Since Dixon has failed to provide any evidence of actual damages, I am going to dismiss those claims. In any event, it appears that any harm he may have suffered occurred prior to his filing a dispute with the credit bureaus. (*See* DE 69 at 9.)

This means his alleged harm occurred before Green Tree had any duty to him under Section 1681s-2(b). *See* 15 U.S.C. § 1681s-2(b) ("After receiving *notice* . . . of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall....") (emphasis added).

Without actual damages, that only leaves Dixon's claim for statutory damages under Section 1681(n). That section of the FCRA provides that anyone who willfully violates the FCRA will be liable to the consumer for "damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681(n). In essence, Dixon claims that Green Tree willfully violated Section 1681s-2(b) of the FCRA, and he is therefore entitled to damages of somewhere between $100 and $1000.00.

To start with, the parties have gotten bogged down on the issue of whether Dixon has standing to pursue a claim of a willful violation of the statute without any proof of actual damages. Green Tree argues that, in the absence of actual damages, Dixon does not have standing to pursue this claim. Neither the Seventh Circuit nor the Supreme Court has ruled directly on the issue of whether a party can pursue relief under FCRA Section 1681(n) without first proving damages. In *Ruffin-Thompkins v. Experian Information Solutions, Inc.*, the Seventh Circuit indicated that damages may be a prerequisite to a claim for willfulness. 422 F.3d 603, 610-11 (7th Cir. 2005). There, the court upheld the district court's conclusion that because the plaintiff's FCRA claim could not survive, it followed that the plaintiff's claim for punitive and statutory damages under Section 1681(n) must also fail. *Id*. But the reason both courts found the FCRA claim couldn't survive was that she hadn't proven any actual damages. *Id*. So

4

that seemingly requires damages as a prerequisite for a finding of willfulness. *Cf. Crabill v. Trans Union LLC*, 259 F.3d 662, 664-67 (7th Cir. 2001) (finding plaintiff had no standing to pursue statutorily authorized attorneys fees in the absence of both compensatory and punitive damages).

But just a year later, in *Bagby v. Experian Information Solutions, Inc.*, the Seventh Circuit found that the plaintiff hadn't proven any actual damages under FCRA, but then proceeded to evaluate whether she had proven a willful violation of the statute under Section 1681(n). 162 Fed.Appx. 600, 605-06, 2006 WL 14580 at **4-5 (7th. Cir. 2006). The court ultimately found that she hadn't proven a willful violation and dismissed her claims. *Id*. And around the same time, the Seventh Circuit stated in *Murray v. GMAC Mortgage Corp.*, "That actual loss is small and hard to quantify is why statutes such as the Fair Credit Reporting Act provide for modest damages without proof of injury." 434 F.3d 948, 953 (7th Cir. 2006).

So basically, there are a couple of cases indicating that actual damages may be a prerequisite for finding a willful violation, and a couple indicating it may not be. What is clear is that none of these cases address whether damages are a prerequisite for *standing* to bring the case in the first place. And with good reason. Standing refers to whether a party may properly pursue its case in court; namely, whether the court has jurisdiction over the matter. Article III, Section 2 of the Constitution limits my jurisdiction to "Cases" or "Controversies" where "the plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a

5

favorable judicial decision." *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 134 S.Ct. 1377, 1386 (2014). In other words, the plaintiff must present me with a problem likely caused by the defendant that I have the authority to fix. That is precisely what Dixon has done here. He alleges that Green Tree didn't accurately report his account, and claims that inaccurate reporting violates a federal statute entitling him to statutory and punitive damages. Until the Seventh Circuit finds otherwise, I have no reason to find that's insufficient to confer standing. In sum, Green Tree's argument that Dixon lacks standing is a nonstarter.

So that brings me to the merits of the case. To obtain relief under Section 1681(n), Dixon must show that Green Tree not only violated the statute, but that it did so willfully. 15 U.S.C. § 1681(n). Dixon claims that by failing to report his post-discharge payments, the information Green Tree reported to the credit bureaus was incomplete and inaccurate and therefore should have been either modified, deleted, or blocked. 15 U.S.C. § 1681s-2(b). Green Tree doesn't dispute that it failed to report Dixon's post-discharge payments, but instead argues that it wasn't required to do so under the law, so it cannot be found to have violated the statute because its reporting was neither inaccurate nor incomplete. And even if it did violate the statute, Green Tree claims that the law was ambiguous as to what it was required to report, so any violation cannot be "willful." I agree with Green Tree.

First, it's not clear under existing law whether failing to report a consumer's post-discharge payments even violates the FCRA, let alone willfully violates it. Recall, a mere "violation" isn't enough – Dixon must also show that Green Tree either knew it

6

was violating the FCRA or acted with reckless disregard as to whether it was violating the FCRA. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007). There is no willful violation of a statute when the violation is based on a reasonable reading – indeed, even a misreading – of the statute. *Id*. at 69. This is particularly true where a statute's guidance is ambiguous. *Redman v. Radioshack Corp.*, 768 F.3d 622, 639-40 (7th Cir. 2014) (finding no willful violation under Section 1681(n) where violation was based on a "possible, indeed plausible, possibly even correct" reading of the statute).

The parties agree that the FCRA doesn't provide any guidance on whether a furnisher has a duty to report post-discharge payments received. The only guidance that is at all close comes from a Federal Trade Commission regulation which supports Green Tree's reading of the statute. It states, "A consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt." 16 C.F.R. 600 app. § 607(b)(6) (2010). At least two other courts have found that a furnisher's failure to report a consumer's post-bankruptcy payments is not a violation – willful or otherwise – of the FCRA because such reporting may violate the bankruptcy rule's automatic stay against debt collection. *See Schueller v. Wells Fargo & Co.*, 559 Fed.Appx. 733, 737 (10th Cir. 2014) (dismissing plaintiff's FCRA claim because reporting by mortgage company of an account as being discharged in bankruptcy with a zero balance was not inaccurate or misleading despite that plaintiff continued making mortgage payments to prevent repossession of his home); *Horsch v. Wells Fargo, et al.*, No. 14-2638, 2015 WL 1344836, at *10 (E.D.Pa. March 24, 2015) (same).

The reasoning behind these opinions is that a consumer cannot be said to truly still "owe" a debt that has been discharged in bankruptcy, so reporting that no debt is owed is accurate. That is primarily due to the fact that the bankruptcy extinguishes only the debtor's personal obligation on the property, but of course, the bank can repossess the property at any time because of its security interest in the property. In other words, the *in rem* obligation that runs with the property is not discharged in the bankruptcy. *See Horsch*, No. 14-2638, at *12-13. Otherwise, the debtor would end up with a free house. That was the consequence of Mr. Dixon choosing not to reaffirm the mortgage debt at the time he was discharged in bankruptcy. His personal debt to the bank was extinguished but the bank's security interest in the property still existed.

Green Tree tells me that its concern was that if it reported Dixon's payments, it would appear to be impermissibly collecting a debt and therefore violating the bankruptcy stay. (DE 78 at 6, *citing* Nedved Dep., 102:18-108:2.) Dixon doesn't dispute that belief or challenge Green Tree's motive. Nor does Dixon demonstrate that reporting his post-discharge payments is required under the law, or that it would *not* violate the bankruptcy stay. The bottom line is that the FCRA doesn't address whether or how to report post-discharge payments. The FTC guidelines state that credit reports can include debts discharged in bankruptcy so long as they're reported as discharged with a zero balance. 16 C.F.R. 600 app. § 607(b)(6). There is no evidence that Green Tree knew it violated the FCRA – if such reporting is even a violation – or that it acted in reckless disregard as to whether it was violating the FCRA. And at least a couple of cases find to the contrary. *Schueller* 559 Fed.Appx. at 737; *Horsch*, 2015 WL 1344836, at

*10. In sum, Green Tree reports these accounts in the manner it does because it is concerned that reporting the way Dixon wants would violate bankruptcy law – a fact Dixon concedes. Ultimately, Green Tree's reporting about Dixon is probably neither inaccurate, misleading nor incomplete. I say "probably" because I don't need to decide the issue. But what I *do* know is that the law is ambiguous enough and Green Tree's reading of it is reasonable enough, such that, as a matter of law, there is not a willful violation here.

\* \* \*

In sum, for the reasons stated above, I will **GRANT** Green Tree's request for summary judgment (DE 68) and **DISMISS** Dixon's claims and **DENY** his request for oral argument (DE 79). The Clerk is directed to enter judgment in favor of Green Tree on all pending claims.

**SO ORDERED**.

ENTERED: May 11, 2015

                                            s/Philip P. Simon
                                            PHILIP P. SIMON, CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT